United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 03, 2025
Nathan Ochsner, Clerk

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| PATRIOT WAY LLC, | § § | Case No. 25-31859 |
| Debtor. | § § § | |

## AGREED ORDER GRANTING RELIEF FROM AUTOMATIC STAY

Before me came to be considered Pinnacle Bank's ("Pinnacle" or "Movant") Motion for Relief from the Automatic Stay [Dk. No. 16] (the "Motion") seeking an order pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) lifting the automatic stay in the above-captioned Chapter 7 proceeding of the Debtor Patriot Way, LLC (the "Debtor") with respect to substantially all assets of the debtor including equipment, inventory, accounts, instruments, chattel paper, and general intangibles (the "Collateral") in which Pinnacle has a security interest. Upon the consent, stipulation, and agreement of Pinnacle and the Debtor (hereinafter collectively referred to as the "Parties"); and on that basis, and with the consent of the Parties, the Court makes the following findings of fact and conclusions of law:

1

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2. The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 – *et seq.* (the "Bankruptcy Code") on April 1, 2024 (the "Petition Date").

3. On June 17, 2025 Pinnacle filed a motion for relief from the automatic stay (the "Motion") with respect to substantially all assets of the Debtor including equipment, inventory, accounts, instruments, chattel paper, and general intangibles whether then owned or thereafter acquired including all replacements accessions, proceeds, and products thereof. (the "Collateral").

4. Pinnacle is the holder of a promissory note executed on March 9, 2023 by Debtor (the "Note") to evidence a loan given by Fund-Ex Solutions Group, LLC ("Fund-Ex"). In connection with the Note, Debtor executed a Security Agreement on March 9, 2023 (the "Agreement" and together with the Note, the "Loan Documents") in favor of Fund-Ex in which it granted Fund-Ex a security interest in the Collateral. Prior to the Petition Date, Fund-Ex perfected its security interest in the Collateral by filing a UCC Financing Statement with the Texas Secretary of State, File No. 23-0000619819 (the "UCC"). Fund-Ex subsequently assigned all right, title, and interest in the Loan Documents to Pinnacle.

5. Prior to the Petition Date, the Debtor defaulted under the payment terms and conditions of the Note. As of the Petition Date, the outstanding balance due and owing to Pinnacle under the Note is $4,700,941.90.

6. Since the Petition Date, Patriot Way has not made any payments to Pinnacle.

7. As a result of the Debtor's default under the Loan Documents, Pinnacle is entitled

to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because the Debtor failed to provide adequate protection of Pinnacle's interest, there is substantial risk of continuing loss to or diminution of the Collateral, and the Collateral is not necessary for the Debtor's successful reorganization as the Debtor has filed under Chapter 7 of the Bankruptcy Code.

8. Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) as there is a lack of equity in the Collateral and not necessary to an effective reorganization as the Debtor has filed under Chapter 7 of the Bankruptcy Code.

9. Because the Collateral must be maintained and sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

10. The Parties agree that the automatic stay imposed by 11 U.S.C. § 362(a) shall be immediately modified to allow Pinnacle to repossess and liquidate the Collateral under the terms of the Loan Documents and in accordance with applicable law; now therefore,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. That the automatic stay imposed by 11 U.S.C. § 362(a) shall be, and hereby is, immediately modified to allow Pinnacle to repossess and liquidate the Collateral under the terms of the Loan Documents and in accordance with applicable law; and

2. Rule 4001(a)(3) shall be, and hereby is, waived to allow this Order to be effective upon entry by the Court.

Signed: July 03, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

3

**Prepared By:**

WOMBLE BOND DICKINSON (US) LLP

By: /s/Todd A. Atkinson
Todd A. Atkinson (TX Bar 24121426)
717 Texas Avenue, Suite 2100
Houston, TX 77002
Telephone: (346) 998-7801
Facsimile: (346) 998-5901
Email: todd.atkinson@wbd-us.com

*Attorneys for Pinnacle Bank*

**ON CONSENT**

By: /s/ Bennet Greg Fisher
Bennett Greg Fisher
LEWIS BRISBOIS BISGAARD & SMITH
24 Greenway Plaza
Suite 1400
Houston, TX 77046
713-659-6767
Fax : 713-759-6830
Email: bennett.fisher@lewisbrisbois.com

*Counsel for the Debtor*

NO OBJECTION:

By: _____
Eva S Engelhart
Ross Banks May Cron and Cavin PC
7700 San Felipe
Suite 550
Houston, TX 77063
713-626-1200

Chapter 7 Trustee

END OF DOCUMENT

4